IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00519-CNS

ERIC KING,

    Petitioner,

v.

ANDREW CIOLLI, Warden, Florence Correctional Complex (FCC) and Administrative Maximum (ADX), United States Bureau of Prisons,

    Defendant.

## ORDER

Before the Court is Petitioner's Unopposed Motion to Clarify the Court's April 13, 2023, Order (ECF No. 26). In his clarification motion, Petitioner poses the following question: does the Court's April 13, 2023, Order denying his motion for a temporary restraining order also constitute a "final order with respect to the underlying petition seeking a writ of Habeas Corpus" (*id.* at 1). For the reasons set forth below, it does. Accordingly, the Court GRANTS Petitioner's clarification motion (ECF No. 26) and DENIES Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

## II. BACKGROUND

A brief summary of the relevant background facts suffices. Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 27, 2023 (ECF No. 1). That same day, Petitioner also filed an Emergency Motion for Temporary Restraining Order (TRO) and Request for a Hearing (ECF No. 6). After the TRO motion was fully briefed, the Court issued a written Order

1

denying the motion in April 2023, reasoning in part that Petitioner failed to exhaust administrative remedies before moving for a TRO (ECF No. 25 at 4). Petitioner subsequently filed the instant clarification motion (ECF No. 26).

### III. ANALYSIS

28 U.S.C. § 2241 provides the framework for seeking habeas relief. Habeas review is available under § 2241 if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). "The fundamental purpose of a § 2241 habeas proceeding . . . is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quotations omitted); *see also Eccleston v. United States*, 819 F. App'x 624, 629–30 (10th Cir. 2020) (explaining "purpose of a § 2241 application" (citations omitted)). A petitioner must exhaust administrative remedies before a federal court "will entertain his petition for habeas corpus." *Parkhurst v. Pacheco*, 809 F. App'x 556, 557 (10th Cir. 2020) (citation omitted); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("A habeas petitioner is generally required to exhaust state remedies [under § 2241] . . . . The exhaustion of state remedies includes both administrative and state court remedies." (quotations omitted)).

The Court incorporates its analysis of Petitioner's TRO motion from its April 13, 2023, Order here (*see generally* ECF No. 25). In its prior Order, the Court concluded that Petitioner "failed to exhaust administrative remedies" (*id.* at 4). For the same reasons Petitioner's failure to exhaust warranted denial of his TRO motion, so too does this failure compel the denial of his habeas petition (ECF Nos. 1 and 2). For instance, as the Court explained in its prior Order, none of Petitioner's grievances have satisfied his requirement to exhaust administrative remedies (*see*

2

ECF No. 25 at 6–7). And there is nothing to indicate that the administrative remedy process is unavailable or futile (*id.* at 8).

Petitioner advances several arguments to the contrary in his habeas petition (*see, e.g.,* ECF No. 2 at 5–6, 16). These arguments lack force, and fail to persuade that the reasons for denying Petitioner's TRO motion should not apply to the Court's analysis of his habeas petition. Indeed, Petitioner appears to acknowledge in his clarification motion that the Court's reasoning in its TRO Order is applicable to an analysis of his habeas petition (*see* ECF No. 26 at 3). Fundamentally, because Petitioner has not exhausted his administrative remedies, habeas relief is inappropriate. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief." (citation omitted)). Accordingly, given that denial of Petitioner's habeas petition is warranted for the same reason that the Court denied the TRO motion, the Court denies Petitioner's habeas petition.

### III. CONCLUSION

The Court GRANTS Petitioner's clarification motion (ECF No. 26). Consistent with the above analysis, the Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

DATED this 10th day of May 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge